IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **NATIONAL UNION FIRE INSURANCE** | § | |
| **COMPANY OF PITTSBURGH, A** | § | |
| **CORPORATION DBA AIG** | § | |
| **Plaintiff,** | § | |
| | § | Civil Action No.  4:21-cv-02824 |
| **V.** | § | |
| | § | |
| **PRAXIS ENERGY AGENTS, LLC AKA** | § | |
| **AND DBA PRAXIS ENERGY AGENTS,** | § | |
| **AND PRAXIS ENERGY** | § | |
| **Defendant.** | § | |

## MOTION TO DISMISS

**COMES NOW** Defendant, PRAXIS ENERGY AGENTS, LLC (hereinafter "Praxis" or "Defendant"), by and through undersigned counsel, and files this Motion to Dismiss Plaintiff NATIONAL UNION FIRE INSURACNE COMPANY OF PITTSBURGH, A CORPORATION DBA AIG's (hereinafter "AIG" or "Plaintiff") claims against Defendant pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(3).  Defendant respectfully contends that dismissal is proper because the credit insurance policy on which Plaintiff sues Defendant provides for mandatory arbitration in New York, with New York law as the parties' choice-of-law.

**I.  INTRODUCTION AND SUMMARY OF ARGUMENT**

This case was removed by Defendant from the Harris County 113th Judicial District Texas state court to this Court on August 27, 2021.  Plaintiff claims against Defendant under a policy of insurance issued in 2016 (also the "Policy").  Defendant is one of 3 additional named assureds under the Policy.  Plaintiff's suit is entirely based on the Policy which Plaintiff incorporated to its state court suit and referred to therein.  A copy of the policy can be found in the docket at Doc. 1-1, ECF pp. 18-70.  The Policy provides for mandatory arbitration in New York and contains a choice-of-law clause naming New York law as the law of the forum. *Id.* at ECF pp. 29-30.

1

According to its state-court filed petition, Plaintiff paid a claim under the Policy in July 2017 to Defendant. Doc. 1-1, ECF pp. 13-16. However, Defendant was not the assured that made the claim under the policy, nor did Defendant receive any benefit from the insurance proceeds. The claim was made by one of the additional assureds other than Defendant. That additional assured was a foreign corporate entity organized and carrying on business as a marine fuel supplier in Dubai, United Arab Emirates. Defendant, acting solely as an accommodation party, received payment of the proceeds of the UAE additional assured's claim and remitted same in full to the additional assured. This was done at the insistence of Plaintiff so that the UAE additional assured would receive its settlement funds quicker. It had no legal standing to act on behalf of the UAE additional assured.

Despite the foregoing, Plaintiff still alleges that Defendant did not properly subrogate its claim against the defaulting debtor that caused the loss by not pursuing a claim against them in a judicially supervised insolvency proceeding (bankruptcy) taking place in India. *Id.* Plaintiff claims that Defendant was obligated to file its claim in the Indian insolvency proceedings and seeks to recover from Defendant the full amount of the claim that it had paid to the additional assured in the UAE under the Policy. *Id.*

It is respectfully submitted that Plaintiff's filing of suit in Texas state court to pursue its purported claims against Defendant is in breach of the express conditions of the policy which require the parties to submit all disputes arising under the policy to arbitration in New York under the laws of the state of New York. It would be accordingly appropriate for the Court to make an order, dismissing Plaintiff's claims under Fed. R. Civ. P. Rule 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. Rule 12(b)(3) for improper venue. Such dismissal should be

without prejudice to the Plaintiff's right to pursue its claims in New York arbitration as it has contractually agreed to do.

## II.    ARGUMENT

Expressly reserving any other defenses that Defendant may have, the issue before the Court is whether Defendant is entitled to request the Court to enforce the forum selection clause and order Plaintiff's claim dismissed on the grounds urged by Defendant.

A.    *The Arbitration and Choice-of-law Provisions*

The arbitration clause and choice-of-law clause contained in the Policy can be found under the section headed "VI GENERAL CONDITIONS" which provides the following in relevant part:

> C. ARBITRATION
>
> Should any dispute arise between the insured and the Company under this policy which cannot be settled amicably, the matter in dispute shall be referred to three persons in New York, one to be appointed by each of the parties hereto, and the third by the two so chosen who shall act as chairman of the proceedings. Should either the insured or the Company fail to appoint an arbitrator or should the two arbitrators so chosen fail to agree on a third arbitrator, then the parties to the arbitration shall apply to the appropriate federal or state court in New York Cit for the appointment of such arbitrator. The decision of the arbitrators, or that of any two of them, shall be final and conclusive of all disputes and controversies between the insured and the Company relating to the matters in issue. No award of the arbitrators or judgment of any court with respect to any award, dispute or controversy shall be entered in an amount exceeding the applicable limits set forth in this policy.
>
> G. CHOICE OF LAW
>
> The construction, validity and performance of this policy shall be governed by the laws of the State of New York. Terms of this policy which are in conflict with the statutes of the jurisdiction wherein this policy is issued are hereby amended to conform to such statutes.

Doc. 1-1, ECF pp. 29-30.

B.      *Fed. R. Civ. P. 12(b)(3)*

As noted above, Defendant has drafted this Motion to Dismiss on a dual foundation: Fed. R. Civ. P. Rule 12(b)(1) and Fed. R. Civ. P. Rule 12(b)(3). The guidance of the Fifth Circuit Court of Appeals as to which of these two grounds are available to a defendant seeking to dismiss a suit based on an express clause in a contract that stipulates an arbitral forum for the resolution of disputes is set out in *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898 (5th Cir. 2005).

In *Lim,* the Fifth Circuit Court of Appeals "noted, but declined to address, the 'enigmatic question of whether motions to dismiss on the basis of forum selection clause are properly brought as motions under FED. R. CIV. P. 12(b)(1) [or] 12(b)(3).'" *Id.* at 902. Nevertheless it "….has treated a motion to dismiss based on a forum selection clause as properly brought under Rule 12(b)(3) (improper venue)." *Id.* (citing *Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 909 & n.3 (5th Cir. 1993)); *see also Noble Drilling Servs., Inc. v. Certex USA, Inc.,* 620 F.3d 469, 472, n.3 (5th Cir. 2010).

C.      *The Arbitration Agreement is Enforceable and the Proper Forum is New York Arbitration*

"The law favors forum selection clauses." *Kessmann & Associates v. Barton-Aschman Associates,* 1997 U.S. Dist. LEXIS 22680 (S.D. Tex. 1997) (citing *Stewart Org. Inc. v. Ricoh Corp.,* 487 U.S. 22, 32, 101 L. Ed. 2d 22, 108 S. Ct. 2239 (1988)). "An agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519, 94 S. Ct. 2449, 41 L. Ed. 2d 270 (1974). For purposes of the enforceability of arbitration agreements and forum selection clauses, they are not distinguishable as there is little difference between the two. *See Haynsworth v. Corporation*, 121 F.3d 956, 963 (5th Cir. 1997).

The enforceability of a forum-selection or arbitration clause is a question of law. *Mitsui & Co. (USA) v. Mira M/V*, 111 F.3d 33, 35 (5th Cir. 1997). "The Supreme Court has consistently held forum-selection and choice-of-law clauses presumptively valid." *Id.* (citing *Vimar Seguros v. Reaseguros, S.A. v. M/V SKY REEFER,* 515 U.S. 528, 115 S. Ct. 2322, 2329, 132 L. Ed. 2d 462 (1995); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595, 111 S. Ct. 1522, 1528, 113 L. Ed. 2d 622 (1991); *M/S BREMEN v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S. Ct. 1907, 1916, 32 L. Ed. 2d 513 (1972)); *Ambraco Inc. v. Bossclip B V*, 570 F.3d 233, 239 (5th Cir. 2009).

"Courts thus generally enforce forum-selection clauses unless the nonmoving party clearly shows that 'enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Kessmann & Associates v. Barton-Aschman Associates,* 1997 U.S. Dist. LEXIS 22680 (S.D. Tex. 1997) (citing *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 113 L. Ed. 2d 622, 111 S.Ct. 1522 (1991).

In determining whether unreasonableness potentially exists, the court looks to four factors. That is, whether: "1) the incorporation of the forum selection clause into the agreement was a product of fraud or overreaching; 2) the party seeking to escape enforcement 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; 3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or 4) enforcement of the forum selection clause would contravene a strong public policy of the forum state." *Id.* (citing *Haynsworth v. The Corporation,* 121 F.3d 956, 963 (5th Cir. 1997)). "The critical inquiry to determining whether a clause violates public policy is whether 'the choice-of-forum and choice-of-law clauses operated in tandem as a prospective waiver of a party's right to pursue statutory remedies." *Ambraco Inc. v. Bossclip B.V.,* 570 F.3d 233 (5th Cir. 2009) (citing

5

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 637 n. 19, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985)).

In applying the above cited four factor test to the facts of this case, there is no unreasonableness that potentially exists. First, the incorporation of the forum selection clause into the agreement was not a product of fraud or overreaching. In fact, the Policy was entirely written by Plaintiff, and Defendant had no say in the wording of the arbitration clause or the choice-of-law provision; these are AIG's contract terms. Moreover, the arbitration clause is not overreaching. It is a broad clause that provides that any dispute under the Policy which cannot be amicably resolved must be submitted to arbitration in New York. Thus, as Plaintiff drafted the Policy, it would be untenable for it to claim that the clause was a product of fraud or overreaching.

Second, Plaintiff will not be deprived his day in court because of the grave inconvenience or unfairness by arbitrating this dispute in New York. The parties freely entered into the credit insurance policy, and they agreed that all disputes under the Policy would be arbitrated. In fact, Plaintiff's principal place of business is located in New York at 1271 Avenue of the Americas FL 41, New York, NY 10020. *See* https://www.aig.com/business/insurance/group-accident-and-health/specialty-accident-and-health/contact-us.

Third, New York law will not deprive Plaintiff of a remedy. New York law provides a remedy for breach of contract, which is the only claim Plaintiff makes against Defendant. Doc. 1-1, ECF pp. 13-16. Moreover, New York law likewise favors forum selection clauses. *See Bernstein v. Wysoki,* 2010 NY Slip Op 6475, 77 A.D.3d 241, 907 N.Y.S.2d 49 (App. Div.) (holding, "A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so

gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court."); *see also Molino v. Sagamore,* 2013 NY Slip Op 2551, 105 A.D.3d 922, 963 N.Y.S.2d 355 (App. Div.) (holding, "A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court."); *Intercontinental Packaging Co. v. China National Cereals, Oils & Foodstuff Import & Export Corp.*, 159 A.D.2d 190,195;  559 N.Y.S.2d 302 (App. Div. 1990) (holding, "Arbitration is a creature of contract. Where parties have agreed upon a forum for resolution of controversy, courts should not rewrite their agreement.").

Fourth, enforcement of the forum selection clause would not contravene a strong public policy of New York.  In this regard, the choice-of-forum and choice-of-law clauses do not operate in tandem as a prospective waiver of either party's right to pursue statutory remedies.  Plaintiff's only claim against Defendant is one for breach of the Policy, and there is a remedy available to Plaintiff under New York law.

Accordingly, the parties' forum selection clause and choice-of-law provision is enforceable and should not be disturbed.

D.      *Plaintiff is All Too familiar with Dismissal Under Fed. R. Civ. P. 12(b)(3)*

In *National Union Fire Ins. Co. v. Trend Personnel Services,* 2015 U.S. Dist. LEXIS 197220 (N.D. Tex. Dec. 16, 2015), National Union Fire Ins. Co. (the same Plaintiff as in this case) moved the court pursuant to Fed. R. 12(b)(3) to dismiss all of Trend Personnel Services' counterclaims against it because of an agreement the parties had which called for arbitration of any disputes.  The Court agreed and dismissed Trend Personnel Services' counterclaims.

In that case, National Union Fire Ins. Co. and Trend Personnel Services were parties to a Payment Agreement for Insurance and Risk Management Services. *Id.* at *2. National Union Fire Ins. Co. accidentally wired approximately USD 115,000 meant for another customer to Trend Personnel Services' bank account. *Id.* at *3. Trend Personnel Services did not return the money despite National Union Fire Ins. Co.'s demands. *Id.* National Union Fire Ins. Co. sued Trend Personnel Services for conversion and money-had-and-received. *Id.*

Trend Personnel Services counterclaimed asserting that it was entitled to the money as a partial return of collateral and raised claims of breach of contract and conversion. *Id.* National Union Fire Ins. Co. then moved the Court to dismiss Trend Personnel Services' counterclaims against it under Fed. R. Civ. P. 12(b)(3) on the basis that Trend Personnel Services' counterclaim for breach of contract was subject to the mandatory arbitration clause provided for in the agreement between the parties. *Id.* The Court agreed and dismissed Trend Personnel's counterclaims under Fed. R. Civ. P. 12(b)(3). *Id.*

Just like the court in *National Union Fire Ins. Co. v. Trend Personnel Services,* this Court should also dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(3) because Plaintiff's claims against Defendant squarely fall within the arbitration agreement between the parties.

### III.   CONCLUSION

WHEREFORE, Praxis requests the Court dismiss all of Plaintiff's claims against it pursuant to Fed. R. Civ. P. 12(b)(3) without prejudice to Plaintiff's right to pursue its claims in New York arbitration.

Dated: September 17, 2021

Respectfully submitted:

GAITAS & CHALOS, P.C.

/s/Jonathan M. Chalos
Jonathan M. Chalos

Texas State Bar No. 24097482  
Federal Bar No. 3008683  
George A. Gaitas  
Texas State Bar No. 2405885  
Federal Bar No. 705176  
1908 N. Memorial Way  
Houston, TX 77007  
Tel: (281) 501-1800  
Fax: (832) 962-8178  
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on September 17, 2021, the foregoing Motion to Dismiss was served via the Court's cm/ECF system upon all counsel of record and to Plaintiff's counsel at mellison@tetlegal.com.

/s/Jonathan M. Chalos  
Jonathan M. Chalos

## CERTIFICATE OF CONFERENCE

The undersigned counsel hereby certifies that on September 1, 2021 and September 17, 2021 the parties conferred on Defendant's Motion to Dismiss. Plaintiff's counsel is currently awaiting instructions from its client on the relief Defendant seeks in this motion. Should Plaintiff's counsel be instructed by its client to voluntarily dismiss the lawsuit, the parties will immediately inform the Court. Otherwise, this motion is treated as OPPOSED by Plaintiff.

/s/Jonathan M. Chalos  
Jonathan M. Chalos